2011 UT App 133

**Darren C. BLUEMEL, Plaintiff and Appellant,**

v.

**STATE of Utah, Defendant and Appellee.**

**No. 20101002–CA.**

Court of Appeals of Utah.

April 28, 2011.

---

Darren C. Bluemel, Draper, Appellant Pro Se.

Before Judges ORME, ROTH, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 Darren C. Bluemel appeals the dismissal of his petition for post-conviction relief.[1] This matter is before the court on a sua sponte motion for summary disposition. We reverse and remand.

¶ 2 Bluemel was sentenced in 1999 after pleading guilty to first degree murder. Bluemel did not appeal his conviction. However, Bluemel filed a series of three petitions for post-conviction relief that were dismissed by various courts in 2000, 2001, and 2003. Among the issues raised during these cases was whether Bluemel knowingly and voluntarily entered into his plea agreement.

¶ 3 On June 4, 2010, Bluemel filed his most recent petition for post-conviction relief. In his petition Bluemel asked the district court to vacate his conviction based upon the theory that he did not knowingly and voluntarily enter into his plea agreement because he was suffering from neurological and psychological conditions and was not properly medicated at the time he entered his plea. The district court dismissed the petition because all issues raised in the petition had previously been raised and adjudicated in prior petitions for post-conviction relief. *See* Utah Code Ann. § 78B–9–106(1)(d) (Supp.2010) (stating that a person is not eligible for relief if the issue raised in the petition "was raised or addressed in any previous request for post-conviction relief"). However, prior to dismissing the case, the district court never provided notice to Bluemel that it was considering dismissing the case based upon the procedural bar.

---

1. Bluemel actually filed a "Petition for Writ of Error Coram Nobis" in the district court. However, the district court construed the filing as a petition for post-conviction relief, filed pursuant to rule 65C of the Utah Rules of Civil Procedure.

¶ 4 Utah Code section 78B–9–106(2)(b) states that "[a]ny court may raise a procedural bar or time bar on its own motion, provided that it gives the parties notice and an opportunity to be heard." *Id.* § 78B–9–106(2)(b). Because the record indicates that the district court dismissed the case based upon a procedural bar, i.e., the issue had been adjudicated in previous post-conviction petitions, Bluemel was entitled to notice and an opportunity to be heard as to whether his petition should have been dismissed on this ground.

¶ 5 Accordingly, the district court's order of dismissal is reversed. We remand this matter so the district court can afford Bluemel his notice and opportunity to be heard in accordance with Utah Code section 78B–9–106(2)(b).